## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:                                           :

                                                 :

**STEVEN C. LaTOURETTE**                         
1910 Corliss Court                               :
McLean, Virginia  22101                          

                                                 :

 **and**                                         
                                                 :       No. _____
                                                 :
**JENNIFER LaTOURETTE**                          
1910 Corliss Court                               :
McLean, Virginia  22101,                         
                                                 :

                         **Petitioners.**   :

### PETITIONERS' VERIFIED PETITION TO PERPETUATE TESTIMONY

Petitioners Steven C. LaTourette and Jennifer LaTourette, by and through undersigned counsel, Patrick M. Regan, Jacqueline T. Colclough and Regan Zambri & Long, PLLC, hereby petition this Court for an order authorizing the deposition of Petitioner Steven C. LaTourette by oral and videotaped examination in order to perpetuate his testimony for use in an anticipated lawsuit and trial, as authorized by Federal Rule of Civil Procedure 27.  Petitioner Steven C. LaTourette requests that the United State of America (the "US"), the expected adverse party in an action that may be filed by Petitioners, be allowed to take his deposition in order to perpetuate his testimony.  Because the expected adverse party is the US, venue is appropriate in this Court.

In further support hereof, Petitioners respectfully refer the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By: _____

Patrick M. Regan  #336107
pregan@reganfirm.com
Jacqueline T. Colclough  #434483
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH:    (202) 463-3030
FX:    (202) 463-0667
*Counsel for Petitioners*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:                                                        :

STEVEN C. LaTOURETTE                                          :
1910 Corliss Court
McLean, Virginia  22101                                      :

                                                             :

 and                                                              No. _____

                                                             :

JENNIFER LaTOURETTE                                          :
1910 Corliss Court
McLean, Virginia  22101,                                    :

                                                             :

                    Petitioners.  :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONERS' VERIFIED PETITION TO PERPETUATE TESTIMONY

Petitioners Steven C. LaTourette and Jennifer LaTourette, by and through undersigned counsel, Patrick M. Regan, Jacqueline T. Colclough and Regan Zambri & Long, PLLC, hereby petition this Court for an order authorizing the deposition of Petitioner Steven C. LaTourette by oral and videotaped examination in order to perpetuate his testimony for use in an anticipated lawsuit and trial, as authorized by Federal Rule of Civil Procedure 27.  Petitioner Steven C. LaTourette requests that the United State of America (the "US"), the expected adverse party in an action that may be filed by Petitioners, be allowed to take his deposition in order to perpetuate his testimony.  Because the expected adverse party is the US, venue is appropriate in this Court.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

I.      **Factual Background.**

Petitioner Steven C. LaTourette served the State of Ohio as a United States Congressman for 18 years until his retirement in early 2013. He and Petitioner Jennifer LaTourette married in 2005, and they remain married to this day.

As a United States Congressman, Mr. LaTourette's primary medical care was provided by the Office of the Attending Physician of the United States Congress ("OAP"), which was staffed by agents, servants and/or employees of the United States Navy. He received care and treatment from OAP health care providers from the beginning of his tenure as a United States Congressman until the time of his retirement in January 2013.

In January 2012, one year prior to his retirement, Mr. LaTourette was admitted to George Washington University Hospital ("GWUH") with gastrointestinal complaints. He was discharged after two days with a diagnosis of mild pancreatitis, and he remained free from gastrointestinal discomfort until late February, prompting him to return to GWUH on March 2, 2012. He was evaluated by a gastroenterologist, who recommended magnetic resonance imaging ("MRI") of the abdomen. The gastroenterologist's consult note was transmitted via facsimile to the OAP later that day.

On March 9, 2012, the recommended MRI was performed at GWUH, and it revealed a 1.5 centimeter lesion in the tail of the pancreas. The reading radiologist recommended follow-up imaging in six months and, per the MRI report, discussed the

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

MRI findings with an OAP physician that same day.  The report was transmitted to the OAP via facsimile the following business day, Monday, March 12, 2012.  No follow-up studies were ordered or performed by any OAP physician, and Mr. LaTourette was never informed of the MRI results or recommendation for follow-up.

Mr. LaTourette's gastrointestinal maladies resolved until July 2014, when he began to experience abdominal pain once again.  He was no longer under the care of the OAP; accordingly, he saw his private internist, who ordered abdominal imaging.  It was performed the following day, July 18, 2014, and revealed a 5.7 x 4.3 centimeter mass at the pancreatic tail.

On July 22, 2014, Mr. LaTourette was evaluated by physicians at the Cleveland Clinic who noted his general state of good health, his prior diagnosis of pancreatitis in January 2012 and a plan to obtain his "abnormal" MRI performed on March 9, 2012 and proceed to surgery, beginning with diagnostic laparoscopy.  Mr. LaTourette's surgery was performed on August 4, 2014, and multiple specimens were taken from his pancreas, liver, peritoneum, spleen and other tissues.  Pathology revealed a tumor size of 7.0 x 6.0 x 4.5 centimeters, and he was diagnosed with T3 N1 M0 ductal adenocarcinoma of the pancreatic tail.  Since the time of his surgery, Mr. LaTourette has received continuing oncological care and treatment from health care providers at Georgetown University Medical Center and The Johns Hopkins Hospital.  His prognosis remains uncertain yet grave, with no definitive predictions with regard to life expectancy.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

The LaTourettes have asserted claims under the Federal Tort Claims Act ("FTCA") stemming from care provided by the OAP physicians subsequent to the reporting of the results of the MRI performed on March 9, 2012. Mr. LaTourette is capable of providing testimony at this time; however, due to his diagnosis, prognosis and overall clinical course, he is likely to succumb to rapid physical and cognitive deterioration, thereby impeding or eradicating his ability to provide testimony regarding his course of care and treatment by the OAP and other health care providers during the relevant time period.

## II.    Procedural Background.

Pursuant to the FTCA, on May 4, 2015, the LaTourettes filed their claims with the Office of the Judge Advocate General, Tort Claim Unit Norfolk. Subsequently, counsel for Petitioners placed a telephone call to the Director of Claims and Tort Litigation for the United States Navy in order to provide notice that Mr. LaTourette's condition and prognosis were grave. Contact was not made, but the telephone call was returned by the Head, Tort Claims Branch, Claims and Tort Litigation. A discussion ensued regarding Mr. LaTourette's circumstances and the prospect of perpetuated testimony. As a result of these and subsequent communications, it is Petitioners' understanding that FTCA Tort Claim attorneys, who are adjudicating the FTCA administrative claim, do not object to Petitioners' request to perpetuate the testimony of Mr. LaTourette.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

### III.     Argument and Basis for Petition.

Due to the exigent circumstances of Mr. LaTourette's diagnosis, physical and cognitive condition and prognosis, Petitioners ask the Court to order his oral and videotaped deposition testimony for use in an anticipated lawsuit and trial to be completed as soon as possible.   Mr. LaTourette's diagnosis carries with it a grim prognosis statistically, and he is likely to succumb to rapid physical and cognitive deterioration.   Given the procedural requirements in filing claims under the FTCA, it is highly unlikely that Mr. LaTourette will be able and/or available to provide deposition testimony in any action to be filed in the future.

Mr. LaTourette has relevant knowledge regarding care and treatment provided by the OAP, communications with and from the OAP regarding the March 9, 2012 MRI results, a central issue in this matter, and other issues relevant to the prosecution of an anticipated lawsuit.   Mr. LaTourette may be the only person who has knowledge of certain material facts regarding OAP notification and/or communication regarding the results of the March 9, 2012 MRI and other matters.   His testimony is essential in the prosecution of his case, and the US should be afforded ample opportunity to depose him.

It is in the best interests of all parties to preserve the deposition testimony of Mr. LaTourette on the earliest mutually-convenient date, and Petitioners request that a ruling be provided at the Court's earliest convenience without the necessity of a hearing, in accordance with the proposed Order included herewith.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

Petitioners respectfully direct the Court to the affidavit of Mr. LaTourette attached hereto as <u>Attachment 1</u> in further support of this Petition.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By: _____

Patrick M. Regan  #336107
pregan@reganfirm.com
Jacqueline T. Colclough  #434483
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH:   (202) 463-3030
FX:   (202) 463-0667
*Counsel for Petitioners*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Steven C. LaTourette, the affiant, a person whose identity is known to me.  After I administered an oath to affiant, affiant testified:  "My name is Steven C. LaTourette.  I am capable of making this verification.   I have read PETITIONERS' VERIFIED PETITION TO PERPETUATE TESTIMONY.  The facts stated in it are within my personal knowledge and are true and correct."

SWORN to and before me this 21 day of May, 2015.

_Mary E. Corbutt_
Notary Public

My Commission Expires: August 14, 2017

MARY E. CORBUTT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires August 14, 2017

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                                    |   |            |
|----------------------------------------------------|---|------------|
| IN RE:                                             | : |            |
|                                                    | : |            |
| **STEVEN C. LaTOURETTE**                           |   |            |
| **1910 Corliss Court**                             | : |            |
| **McLean, Virginia  22101**                        |   |            |
|                                                    | : |            |
|  and                                               |   | No. _____ |
|                                                    | : |            |
| **JENNIFER LaTOURETTE**                            |   |            |
| **1910 Corliss Court**                             | : |            |
| **McLean, Virginia  22101,**                       |   |            |
|                                                    | : |            |
|                              **Petitioners.**      | : |            |

## ORDER

Upon consideration of Petitioners' Verified Petition to Perpetuate Testimony, and it further appearing to the Court that Petitioners are precluded from filing an action until such time as a determination is made with regard to their claims pursuant to the Federal Tort Claims Act, which were filed on May 5, 2015, and it further appearing to the Court that Petitioner Steven C. LaTourette's medical condition may render him unable or unavailable to provide testimony once an action may be filed, and it further appearing to the Court that his testimony is essential to the prosecution of claims that may be asserted in an action that may be filed, and it further appearing to the Court that the granting of this Petition is in the best interests of all parties, and it further appearing

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

to the Court that there is no need for a hearing on the matters that are the subject of the Petition, it is this _____ day of _____, 2015;

ORDERED that the Petition be, and the same hereby is, GRANTED, and it is

FURTHER ORDERED that all parties undertake their best efforts to preserve the deposition testimony of Petitioner Steven C. LaTourette on the earliest mutually-convenient date.

_____

Patrick M. Regan, Esquire
pregan@reganfirm.com
Jacqueline T. Colclough, Esquire
jcolclough@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH:  (202) 463-3030
Fx:  (202) 463-0667
*Counsel for Petitioners Steven*
*C. LaTourette and Jennifer*
*LaTourette*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 11 -

## AFFIDAVIT

NOW COMES, Steven C. LaTourette, and having been duly sworn and cautioned as follows:

1.    I am over the age of 18.  I am of sound mind, and I am fully competent to testify to the matters stated herein.  I have never been convicted of any felony or crime of moral turpitude.  I have personal knowledge of the facts stated herein, and such facts are true and correct.

2.    I am currently a resident of McLean, Virginia.

3.    I am a 60 year old male who was diagnosed with pancreatic cancer on August 4, 2014.

4.    Due to the exigent circumstances of my diagnosis, I ask the Court to order my oral and videotaped deposition testimony for use in an anticipated lawsuit in which I expect to be a party.  I am aware that at any time, I may succumb to illness, physical and cognitive decline and, possibly, death.

5.    With my wife, Jennifer LaTourette, I filed claims pursuant to the Federal Tort Claims Act ("FTCA") on May 5, 2015.  Given the procedural requirements in filing claims under the FTCA, it is highly unlikely that I will be able and/or available to provide deposition testimony in any action to be filed against the United States of America in the future.

6.    I have relevant knowledge regarding care and treatment provided to me by the Office of the Attending Physician ("OAP"), communications with and from the OAP regarding the results of my magnetic resonance imaging study ("MRI") performed on

March 9, 2012, which is a key issue in our FTCA claims, and other issues relevant to the prosecution of an anticipated lawsuit.

7.    I may be the only person who has knowledge of certain material facts regarding OAP notification and/or communication regarding the results of the March 9, 2012 MRI and other matters.  As such, my testimony is essential in the prosecution of our FTCA claims.

8.    Given the quickly deteriorating effects of pancreatic cancer, my current physical and cognitive health, and the normal course of events of filing a lawsuit in this Court in the event of denial of our claims filed on May 5, 2015, my illness may make it impossible for me to testify.  Accordingly, it is imperative that my oral and videotaped deposition occur as soon as possible.

9.    I have not brought or been a party to a law suit that arises out of the facts that are the subject of this petition.

FURTHER AFFIANT SAYETH NOT.

SWORN to and before me this 21 day of May, 2015.

Notary Public
My Commission Expires: 8/14/17

MARY E. CORBUTT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires August 14, 2017

- 2 -